**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**STEPHEN AND NANCY ROGERS,**

                   **Plaintiffs,**         5:03-CV-767
                                               (NAM/GJD)

**v.**

**THE BLACK AND DECKER CORPORATION,**

                   **Defendants.**
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| Cozen O'Connor<br>1900 Market Street<br>Philadelphia, PA 19103-3508<br>*For Plaintiff* | Douglas B. Fox, Esq. |
| Thorn Gershon Tymann and Bonanni, LLP<br>P.O. Box 15054<br>5 Wembley Court, New Karner Road<br>P.O. Box 15054<br>Albany, NY 12212-5054<br>*For Defendant* | Gregory J. Rodriguez, Esq. |

**Hon. Norman A. Mordue, Chief U.S. District Court Judge:**

                           **MEMORANDUM-DECISION AND ORDER**

**I.    INTRODUCTION**

      Plaintiffs Stephen and Nancy Rogers move pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure to voluntarily discontinue this action with prejudice and request that each party bear its own costs. Defendant, the Black and Decker Corporation, does not oppose plaintiffs' motion, but cross-moves for an award of costs and sanctions.

**II.    BACKGROUND**

      This action stems from a fire that occurred on December 26, 2000, at the home of plaintiffs Stephen and Nancy Rogers in Fayetteville, New York. In their complaint, plaintiffs

allege that a Black and Decker battery charging unit in their garage malfunctioned and caused the fire.  Although this action is filed in the name of Stephen and Nancy Rogers, it is a subrogation action by Peerless Insurance Company, which compensated plaintiffs pursuant to a homeowners insurance policy for the damages they sustained as a result of the fire.

Plaintiffs commenced this action on February 12, 2003, in New York State Supreme Court for the County of Onondaga.  Defendants removed the case to federal court in accordance with 28 U.S.C. § 1441(b) citing diversity jurisdiction pursuant to 28 U.S.C. § 1446.  The parties have completed discovery.  Following the issuance of a report by the National Highway Transportation Safety Administration that a malfunction of a cruise control switch in the engine compartment of affected Lincoln Navigators, like the one parked in plaintiffs' garage at the time of the fire, could cause a fire, and the recall of those Lincoln Navigators, plaintiffs moved to discontinue this action with prejudice pursuant to Rule 41(a)(2).

### III.   DISCUSSION

#### A.   Rule 41(a)(2)

Plaintiffs request an order discontinuing this action with prejudice.  Rule 41(a)(2) states that: "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper."  Defendant does not oppose plaintiffs' request for dismissal.  Accordingly, plaintiffs' motion to discontinue this action with prejudice is granted.

#### B.   Sanctions and Costs

Defendant opposes so much of plaintiffs motion as seeks an order directing that the parties bear their own costs, and requests an award of sanctions for the legal fees and costs  defendant

accrued litigating this action alleging that Peerless abused the litigation process in this case. Plaintiffs oppose defendant's cross-motion.

Defendant contends that the Court has inherent authority to sanction a party who has litigated in bad faith or willfully abused the litigation process. In support of its motion, defendant submitted voluminous evidentiary materials to show that Peerless knew from the inception of this case that there was conflicting evidence regarding the cause of the fire and and that Peerless persistently abused the litigation process in this case. As a result, defendant requests that the Court grant plaintiffs' motion for voluntary discontinuance, but opposes the portion of plaintiffs' motion which seeks an order directing that each party bear its own costs.

"[U]nder the American Rule, absent statutory authorization or an established contrary exception, each party bears its own attorney's fees." *Colombrito v. Kelly*, 764 F.2d 122, 133 (2d Cir. 1985). One such exception is "the court's inherent authority to award fees when a party litigates frivolously or in bad faith." *Id*. The Second Circuit has explained that "[t]he bad faith exception permits an award upon a showing that the claim is entirely without color and has been asserted wantonly, for purposes of harassment or delay, or for other improper reasons. Neither meritlessness alone, nor improper motives alone, will suffice." *Id*. (internal citations omitted).

In this case, as plaintiffs concede, there was a conflict among plaintiffs' own experts as to the cause of the fire at the time plaintiffs commenced this action. It is, however, undisputed that at least one expert, William Patrick, opined that the failure of a Black and Decker product caused the fire. *See* Dkt. no. 28 (Defendant's Cross-Motion), Ex. H.

Further, even assuming defendant could show plaintiffs' claim was meritless, it has failed to adduce evidence of improper motives, other than several allegations that plaintiffs abused the discovery process. Specifically, defendant asserts that Peerless failed to produce a witness for a

3

deposition, failed to make a full document disclosure, and failed to disclose a damage expert. Defendant, however, asserts these arguments for the first time in connection with the present motion and filed no discovery or dispositive motions to address these issues. Based on the foregoing, the Court finds that defendant has failed to show that plaintiffs' conduct justifies an award of attorney's fees and costs in this case. Accordingly, the Court declines to award fees under its inherent authority, *see Colombrito*, 764 F.2d at 133 (concluding an award of fees under court's "inherent authority" unwarranted where case was "at least colorable"), or otherwise.

In *Colombrito*, the Second Circuit held that "when a lawsuit is voluntarily dismissed *with prejudice* under Fed.R.Civ.P. 41(a)(2), attorney's fees have almost never been awarded", explaining:

> [t]he defendant, unlike a defendant against whom a claim has been dismissed without prejudice, has been freed of the risk of relitigation of the issues just as if the case had been adjudicated in his favor after a trial, in which event (absent statutory authorization) the American Rule would preclude such an award.

*Id*. at 133-34.

Although the Second Circuit's "reading of Rule 41(a)(2) does not altogether foreclose fees in the event of a dismissal with prejudice", *id*. at 134, the Court finds that this case does not warrant such an award.[1] Here, Peerless, after receiving new evidence which prompted it to "take a fresh look at all of the evidence in the case", *see* Dkt. no. 30, decided to discontinue this action rather than to press on to a trial. Indeed, plaintiffs' discontinuance of this action with prejudice shields defendant from further jeopardy. While mindful of the time and expense this action has cost defendant, the Court "would not want to discourage such a salutary disposition of litigation

---

[1] The Second Circuit stated that "such an award might be one of the appropriate 'terms or conditions' authorized by Rule 41(a)(2), e.g., if a litigant had made a practice of repeatedly bringing potentially meritorious claims and then dismissing them with prejudice after inflicting substantial litigation costs on the opposing party and the judicial system." *Colombrito*, 764 F.3d at 134-35.

4

by threatening to award attorneys' fees". *Colombrito*, 764 F.3d at134. Accordingly, defendant's cross-motion is denied.

## IV.    CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that plaintiffs' motion to voluntarily discontinue this action with prejudice is GRANTED; and it is further

ORDERED that defendant's cross-motion for costs and sanctions is DENIED; and it is further

ORDERED that the complaint is dismissed with prejudice.

IT IS SO ORDERED.

Dated: September 22, 2006

_____
Norman A. Mordue
Chief United States District Court Judge